1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 JOHN HUGH VAN AUKEN,                    No. Misc. S-04-0363-LKK-CMK

12          Petitioner,

13     vs.                              FINDINGS AND RECOMMENDATIONS

14 HEMAR, ROUSSO & HEALD,
   et al.,
15
            Respondents.
16
   _____/
17

18          Petitioner, who is proceeding pro se, filed a document in this court on November

19 17, 2004, entitled "Commercial Notice Within the Admiralty of the Filing of Foreign Judgment"

20 (Doc. 1).  In this document, petitioner states:

21          For and on the record:

22          The Court and the Public takes judicial notice "within the admiralty ab
            initio" by Commercial Notice of the filing of Foreign Judgment
23          Administrative File Number "JVA08062004CWL" "within the admiralty
            IN FACT" established under Notary Court Seal.  This Administrative
24          Judgment is foreign to judicial and all issues have been settled.  All
            district courts have provisions for filing foreign judgments under
25          miscellaneous for a standard fee of $39.00 USD.

26 / / /

1    In a document entitled "Notarial Protest and Notice of Administrative Judgment Certificate of

2    Dishonor," attached to his court filing, petitioner references 28 U.S.C. §§ 1333, 1337, 2461, and

3    2463, and 15 U.S.C. § 1692 as bases for jurisdiction in this court.  However, none of these

4    statutes appear to relate to petitioner's filing.  Moreover, to the extent petitioner seeks to initiate

5    an admiralty proceeding, petitioner has not complied with the Supplemental Rules for Certain

6    Admiralty and Maritime Claims, or the local rules of this court concerning admiralty cases.

7    Finally, having reviewed petitioner's filing, the court cannot discern any request for relief.

8          In light of the foregoing, on December 1, 2006, petitioner was directed to show

9    cause, in writing, why this action should not be closed.   That order was served on petitioner's

10   address of record and returned by the postal service.  It thus appears that, in addition to failing to

11   respond to the court's order to show cause, petitioner has failed to comply with Local Rule 83-

12   182(f), which requires that a party appearing pro se inform the court of any address change.

13         The court must weigh five factors before imposing the harsh sanction of

14   dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

15   U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

16   interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

17   the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

18   their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

19   46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

20   appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

21   See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

22   appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

23   1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

24   comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

25   1260-61 (9th Cir. 1992).

26   / / /

1   Having considered these factors, and in light of petitioner's failure to respond to

2   the court's order to show cause and keep the court advised of his current address, the court finds

3   that dismissal of this action is appropriate.

4   Based on the foregoing, the undersigned recommends that this action be

5   dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and

6   orders.

7   These findings and recommendations are submitted to the United States District

8   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

9   after being served with these findings and recommendations, any party may file written

10  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

11  Findings and Recommendations."  Failure to file objections within the specified time may waive

12  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

14  DATED:   January 25, 2007.

15

16  _____
    CRAIG M. KELLISON
17  UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

3